```
IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| ESTER GRACE J. DONALD,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOME ASSURANCE COMPANY<br>and STONEBRIDGE LIFE INSURANCE<br>COMPANY,<br><br>Defendants. | 2:05-cv-01578-GEB-PAN<br><br><u>STATUS (PRETRIAL</u><br><u>SCHEDULING) ORDER</u> |

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

The status (pretrial scheduling) conference scheduled in this case for November 14, 2005, is vacated since the joint status report submitted by the parties obviates the need for the conference. The following Order issues based on the parties' joint status report and available dates.

<u>SERVICE OF PROCESS</u>

All defendants have been served and no further service is permitted, except with leave of Court, good cause having been shown.

<u>JOINDER OF ADDITIONAL PARTIES/AMENDMENT</u>

No further joinder of parties or amendments to pleadings is permitted except with leave of Court, good cause having been shown.

<u>DISCOVERY</u>

(a)   All discovery shall be completed by September 27, 2006. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

(b)   Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before April 27, 2006, and with the rebuttal expert disclosures authorized under the Rule on or before May 30, 2006.

<u>MOTION HEARING SCHEDULE</u>

The last hearing date for motions shall be November 27, 2006, at 9:00 a.m.[2]

---

[1]   The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. <u>See</u> Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a jurist resolve discovery motions pursuant to the Local Rules.

[2]   This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under

(continued...)

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).  Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2)  The Court committed clear error or the initial decision was manifestly unjust; or

(3)  There is an intervening change in controlling law.

A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers.  Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.  A motion in limine addresses the admissibility of evidence.

---

[2](...continued)
Rule 16(e) of the Federal Rules of Civil Procedure.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for January 16, 2007, at 1:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trialworthy issues could be eliminated *sua sponte* "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law."  Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement with the Court not later than seven (7) days prior to the final pretrial conference.[3]  The joint pretrial statement shall specify the issues for trial.  The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").  The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial.  Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial.  Hotel Emp., et al. Health Tr. v. Elks Lodge 1450,

---

[3] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

4

1  827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
2  pretrial order are eliminated from the action."); <u>Valley Ranch Dev.</u>
3  <u>Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
4  issue omitted from the pretrial order is waived, even if it appeared
5  in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283
6  (D.D.C. 1995) (refusing to modify the pretrial order to allow
7  assertion of a previously-pled statute of limitations defense);
8  <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984)
9  (indicating that "[a]ny factual contention, legal contention, any
10 claim for relief or defense in whole or in part, or affirmative matter
11 not set forth in [the pretrial statement] shall be deemed . . .
12 withdrawn, notwithstanding the contentions of any pleadings or other
13 papers previously filed [in the action]").
14         <u>If possible, at the time of filing the joint pretrial</u>
15 <u>statement counsel shall also email it in a format compatible with</u>
16 <u>WordPerfect to: geborders@caed.uscourts.gov</u>.
17                         SETTLEMENT CONFERENCE
18         No settlement conference is currently scheduled.  The
19 parties shall address in their joint pretrial statement whether they
20 wish to have a judge-assisted settlement conference.  If counsel wish
21 the Magistrate Judge to act as settlement judge, written stipulations
22 to this effect which waive the judge's disqualification from later
23 acting as the discovery judge must be filed prior to the scheduling of
24 the settlement conference.  <u>See</u> L. R. 16-270(b).  If the parties wish
25 to participate in Court-assisted settlement prior to the final
26 pretrial conference, they should contact the Deputy Clerk.
27                             TRIAL SETTING
28         Trial is set for April 17, 2007, commencing at 9:00 a.m.

1              MISCELLANEOUS

2       The parties are reminded that pursuant to Federal Rule of
3  Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall**
4  **not be modified except by leave of Court upon a showing of good cause.**
5  **Counsel are cautioned that a mere stipulation by itself to change**
6  **dates does not constitute good cause.**
7       IT IS SO ORDERED.
8  DATED:  November 7, 2005

                                    /s/ Garland E. Burrell, Jr.
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge